# THE CAYUGA RAILWAY COMPANY, PLAINTIFF, *v.* CORNELIUS A. NILES, DEFENDANT.

*Parol agreement — easement cannot be created by — not to be performed under one year — when it inures as a license.*

The defendant's assignor having a five years' lease of certain lands, upon which was a stone quarry, entered into a parol agreement with plaintiff's assignor, by which the latter, a railroad company, were to lay a side track to the quarry over the leased land; and were to be allowed to take such loose dirt and stone as they might need for their road, for which they were to pay plaintiff's assignor $100 per year, and he was to use the side track to ship his stone. The agreement was to continue during the term of the lease. Subsequently the plaintiff, having become vested with all the rights of the first company, paid fifty dollars on account of the rent and used the side track to draw stone and dirt. Thereafter, desiring to abandon the agreement and take up the tracks, they were prevented by the defendant from removing the same.

In this action of replevin, brought by the railroad company to recover the iron and ties and for damages for the detention of the same, *held*, that the effect

of the agreement would be to give the company an easement in the land upon which the tracks were laid, and that, as it was a parol agreement, it was void under the statute of frauds.

That it was also void, because it was a contract not to be performed within one year.

That the agreement, though void as a contract, was valid as a license; the company were not therefore trespassers in laying the tracks thereunder, and that for that reason the rails and ties so laid down did not become fixtures.

That plaintiff was entitled to recover.

MOTION for a new trial on a case and exceptions ordered to be heard, in the first instance, at the General Term, after a verdict in favor of the plaintiff, directed by the court.

*J. T. Pingree*, for the defendant.

*J. R. Cox*, for the plaintiff.

TALCOTT, J.:

This is a motion for a new trial, on behalf of the defendant, on exceptions taken at the Cayuga Circuit and ordered to be heard at the General Term in the first instance.

The action was in replevin for the wrongful detention of certain railroad iron and a quantity of ties laid down, and constituting a railroad track leading from the main track of what was lately the Cayuga Lake Railroad Company, now belonging to the plaintiff. The said side track is about eighty rods long and was laid upon and across land belonging to Mrs. Winegar and led to a stone quarry situated on Mrs. Winegar's land.

One Hawley was the lessee from Mrs. Winegar of the premises on which the side track was laid, and the side track was laid by the Cayuga Lake Railroad Company, the predecessors in title of the plaintiff, by and under an agreement between that company and Hawley, the lessee of Mrs. Winegar. The railroad company wished to procure loose stones and dirt for the purposes of the railroad from the said quarry. Hawley had taken a lease of the premises for the term of five years from September 3, 1873, at the annual rent of $500, and it was then agreed between Hawley and the railroad company, by parol, to the effect that the company was to lay this track to the quarry and to have the earth and loose stones down

to the building stone, and were to send their cars into the quarry by means of the side track and take out what they wanted, and in consideration thereof the company agreed to pay $100 per year of the annual rent due by Hawley's lease, and if Hawley loaded the cars for the company it was to pay him certain rates for so doing.

The Cayuga Lake Railroad Company, under the said parol agreement, laid down the side track which, by the parol agreement, Hawley was to use in shipping building stone from the quarry. The agreement was to continue during the term of Hawley's lease. Whether the Cayuga Lake Railroad Company had ever availed itself of the privilege of taking out the loose earth and stone, or whether that company ever paid any thing on the rent of $100 per year, did not appear. The Cayuga Lake Railroad Company and all its lands and premises, rights of way, side track, branches, turnouts, etc., owned by the company on December 6, 1872, or to be thereafter constructed, erected or acquired, in any way connected with, or appurtenant to, the said railroad track, was sold on the foreclosure of a second mortgage and purchased by one James Stillman, to whom the referee, who made the sale, conveyed on the 29th of August, 1874, and Stillman conveyed to the plaintiffs. In the meantime Hawley, by parol, transferred his lease by parol to the defendant Niles, who had been a partner with Hawley in working the quarry.

The new company (the plaintiff) by its president, agreed by parol with Niles, that the arrangement should continue at the same price of $100 per year, and went in and took out the dirt and loose stones, and paid Niles for what cars he loaded at the rates which had been agreed on — and paid also fifty dollars on account of the rent. In 1875, the superintendent of the plaintiff's road was desirous of removing the said rails and ties composing the said side track, but was forbidden and prevented by Niles, the defendant.

On this appeal, the defendant's counsel presents two points, which arose on his motion for a nonsuit, and to the ruling of the justice at the Circuit:

First. That the contract was not void by the statute of frauds.

Second. That if void then the placing of the side tracks on the premises was a trespass, and the said rails and ties became fixtures, for which, therefore, this action would not lie.

We think the contract was void at law under the statute of frauds, as being an agreement for an easement, whereby, if valid, the premises, so far as the leasehold interest for five years was concerned, became the servient tenement.

The statute is, that no estate or interest in lands, or any trust or power, over or concerning lands, or in any manner relating thereto, shall be created, granted or assigned, etc., unless by act or operation of law or by a deed of conveyance.

We think, also, the contract was void as not to be performed within a year. (*Pitkin* v. *The Long Island Railroad Company*, 2 Barb. Ch., 221; *Day* v. *The New York Central Railroad Co.*, 31 Barb., 548.)

We think, also, that the rails and ties so laid down, did not become fixtures, for the intent was that they were to be placed there for a temporary purpose and the consent of the lessee, though void as a contract, inured as a license and prevented the act from being a trespass. The receipt of the fifty dollars on account of rent, was conclusive evidence of the consent of the lessee to the occupation of the premises by the side track, and judgment should be ordered for the plaintiff on the verdict.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

New trial denied and judgment ordered for the plaintiff on the verdict.